IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NORTH AVENUE CAPITAL, LLC,

        Plaintiff,

v.    CIVIL ACTION NO. 2:23-cv-00015

RANGER SCIENTIFIC LLC,

        Defendant.

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff North Avenue Capital, LLC's ("NAC") Motion to Exclude Defendant's Undisclosed Witnesses Under Rule 37(c), [ECF No. 51]. NAC has also filed Objections to the parties' Joint Integrated Pre-Trial Order, *see* [ECF No. 52], alleging that Defendant Ranger Scientific LLC ("Ranger") unilaterally included undisclosed witnesses and unpled contentions in the pre-trial order before filing it with the court. Because NAC's motion and objections concern the same issue, I will dispose of them together. For the following reasons, NAC's Motion, is **GRANTED**.

I.    Background

This case arises from a contractual dispute after NAC, a specialized commercial lender, entered into an agreement with Ranger to finance the development of an ammunition manufacturing facility in Montgomery, West

Virginia. [ECF No. 1, ¶¶ 1–3]. On October 9, 2020, the parties agreed that NAC would provide Ranger with a $7.5 million loan to fund the facility. After a dispute about how the loan's interest would be calculated, NAC filed a declaratory judgment action asking this court to determine the meaning of the contract language. Months later—and before this court ruled on the declaratory judgment action—NAC filed the present lawsuit, alleging that Ranger failed to comply with a number of performance covenants set forth in the loan documents. [ECF No. 1, ¶¶ 16–18]. Ranger countersued, [ECF No. 7], and both breach of contract claims are still pending. *See* [ECF No. 58].

Pursuant to this court's scheduling order, on April 15, 2024, Ranger filed the parties' Proposed Joint Integrated Pre-trial Order. [ECF No. 46]. NAC quickly objected, asserting that Ranger unilaterally included witnesses in the proposed pre-trial order without NAC's knowledge and also added unpled contentions. [ECF No. 52]. NAC also filed the present motion to exclude Ranger's undisclosed witnesses under Rule 37 of the Federal Rules of Civil Procedure. [ECF No. 51]. NAC objects to the inclusion of twenty undisclosed witnesses and asserts that Ranger should be barred from calling these individuals at trial. [ECF No. 51, at 3]. In an order dated April 26, 2024, I ordered Ranger to respond to NAC's objections and motion by May 1, 2024. [ECF No. 53]. Ranger failed to comply with my order and did not file its response in opposition until May 8, 2024. *See* [ECF No. 57].

## II. Legal Standard

Rule 26 of the Federal Rules of Civil Procedure governs the disclosure of witnesses. At least 30 days before trial, a party must file and provide the other party with the name of witnesses that it expects to present and/or may call as witnesses. Fed. R. Civ. P. 26(a)(3). If a party fails to identify a witness, then "the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). This rule "generally requires exclusion of evidence that a party seeks to offer but has failed to disclose." *Morris v. Mingo Logan Coal LLC*, No. 2:23-CV-00316, 2024 WL 2330037, at *4 (S.D. W. Va. May 22, 2024) (quoting *S. States Rock & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). This "automatic sanction" induces parties to divulge any material "that the disclosing party would expect to use as evidence." *S. States Rock & Fixture*, 318 F.3d at 592 n.2.

As the "basic purpose" of this rule is to prevent both surprise and prejudice to opposing parties, the court need not find that the non-disclosing party acted in bad faith in order to exclude the evidence. *Morris*, 2024 WL 2330037, at *4. If the court finds that the failure to disclose was substantially justified or harmless, then it need not exclude the evidence. *Id.* Factors the court considers include:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

3

*S. States Rock & Fixture*, 318 F.3d at 597. The first four factors relate to whether the failure was harmless, and the fifth considers the substantial justification exception. *Id.* The party who failed to disclose evidence has the burden of proving that its failure was either harmless or substantially justified. *See Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017). The court, however, is not required to explicitly "tick through each of the *Southern States* factors." *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2022).

### III. Analysis

As a preliminary matter, I must address Ranger's failure to comply with my April 26, 2024, Order wherein I required Ranger to respond to NAC's Motion to Exclude, [ECF No. 51], and Objections to the Joint Integrated Pre-Trial Order, [ECF No. 52], by May 1, 2024. [ECF No. 53]. This court did not change this deadline when it continued the pretrial conference to a later date. Rule 16 of the Federal Rules of Civil Procedure provides that the scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The local rules of this district provide that deadlines for serving response and reply memoranda "may be modified by the judicial officer to whom the motion is addressed." Loc. R. Civ. P. 7.1(a)(7). "The failure to file a timely response to a brief is unacceptable." *Jarrell v. Hardy Cellular Tel. Co.*, No. 2:20-cv-00289, 2020 WL 4208533, at *3 (S.D. W. Va. July 22, 2020) (Berger, J.). Although I would normally strike Ranger's reply due to its blatant disregard of this court's Order, I will

4

nevertheless proceed to consider its response in the interest of resolving this dispute on the merits.

After considering the *Southern States* factors, I hold that the undisclosed witnesses should be excluded during trial under Rule 37. I recognize that Ranger was without counsel for a period of time during this litigation; however, Ranger's new counsel filed a notice of appearance on February 14, 2024, [ECF No. 32], giving it time to disclose such witnesses within the thirty-day period as required by the Rule. There is no substantial justification for refusing to disclose these witnesses.

Next, had trial in this case not been continued, NAC would have only had one month to obtain information about and prepare for potentially twenty fact witnesses—witness testimony NAC had no opportunity to discover. Such surprise is clearly prejudicial to NAC, but trial has since been continued, which would have given Ranger more time to cure that surprise. However, as Ranger asserts, many of these fact witnesses "obtained loans from NAC the same year as Ranger and are known to be current clients of NAC." *See* [ECF No. 57, at 3]. In other words, fifteen of these witnesses are not alleged to have personal knowledge of the contract at issue here. As this case is solely about crossclaims for breach of the same contract, *other* businesses who may have *other* contracts with NAC are irrelevant and would not assist a jury in its determination of whether either NAC or Ranger breached *this* contract. In total, the failure of Ranger to disclose these witnesses was neither harmless nor substantially justified. As such, NAC's Motion to Exclude Defendant's Undisclosed Witnesses, [ECF No. 51], is **GRANTED**.

Finally, I will address NAC's final objection to the Joint Pre-Trial Order. NAC asserts that Ranger included unpled contentions in the joint pre-trial order. *See* [ECF No. 52, at 2]. I agree. The pre-trial order submitted to the court includes contested issues of law and fact regarding whether plaintiff has complied with the declaratory judgment action. The declaratory judgment action is separate from this case, and any alleged issues about compliance should be raised in that matter. As the court understands it, this case solely concerns whether Ranger breached the loan agreement by failing to make payments, and whether NAC breached the loan agreement with its initial loan calculations. The court therefore **SUSTAINS** NAC's Objections, [ECF No. 52].

### IV. Conclusion

For the foregoing reasons, NAC's Motion, [ECF No. 51], is **GRANTED**. NAC's objections to the Joint Integrated Pre-Trial Order, [ECF No. 52], are **SUSTAINED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 15, 2024

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

6